UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HARLAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL[1],<br>Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No.: 1:15-cv-01893 - JLT<br><br>ORDER REMANDING THE ACTION PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)<br><br>ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF RICHARD HARLAN AND AGAINST DEFENDANT NANCY BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY |

Richard Harlan was found previously to be disabled by the Social Security Administration. However, he asserts the administrative law judge erred in determining the date he became disabled. Because the ALJ failed to call a medical expert to determine the onset date of Plaintiff's disability, the matter is **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

**PROCEDURAL HISTORY**

Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income pursuant to Titles II and XVI, alleging he became disabled in September 2007 due to left arm pain, hand/shoulder pain, back pain, and mental illness. (Doc. 9-3 at 14; Doc. 9-6 at 2, 13) The Social Security Administration denied Plaintiff's applications at both the initial level and

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for her predecessor, Carolyn W. Colvin, as the defendant.

1

upon reconsideration. (*See generally* Doc. 9-4; Doc. 9-3 at 14)

After requesting a hearing, Plaintiff testified before an ALJ on May 6, 2014. (Doc. 9-3 at 14, 35) The ALJ issued a partially favorable decision on September 12, 2014. (*See* Doc. 9-3 at 10-26) Specifically, the ALJ concluded Plaintiff "was not disabled prior to December 14, 2013, but became disabled on that date and… continued to be disabled through the date of [the] decision." (*Id.* at 25) When the Appeals Council denied Plaintiff's request for review of the decision on October 23, 2015 (*id.* at 2-4), the ALJ's findings became the final decision of the Commissioner of Social Security.

## STANDARD OF REVIEW

District courts have a limited scope of judicial review for disability claims after a decision by the Commissioner to deny benefits under the Social Security Act. When reviewing findings of fact, such as whether a claimant was disabled, the Court must determine whether the Commissioner's decision is supported by substantial evidence or is based on legal error. 42 U.S.C. § 405(g). The ALJ's determination that the claimant is not disabled must be upheld by the Court if the proper legal standards were applied and the findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health & Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197 (1938)). The record as a whole must be considered, because "[t]he court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion." *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

## DISABILITY BENEFITS

To qualify for benefits under the Social Security Act, Plaintiff must establish he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

2

42 U.S.C. § 1382c(a)(3)(B). The burden of proof is on a claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990). If a claimant establishes a prima facie case of disability, the burden shifts to the Commissioner to prove the claimant is able to engage in other substantial gainful employment. *Maounois v. Heckler*, 738 F.2d 1032, 1034 (9th Cir. 1984).

## **ADMINISTRATIVE DETERMINATION**

To achieve uniform decisions, the Commissioner established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 404.1520, 416.920(a)-(f). The process requires the ALJ to determine whether Plaintiff (1) engaged in substantial gainful activity during the period of alleged disability, (2) had medically determinable severe impairments (3) that met or equaled one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; and whether Plaintiff (4) had the residual functional capacity ("RFC") to perform to past relevant work or (5) the ability to perform other work existing in significant numbers at the state and national level. *Id.* The ALJ must consider testimonial and objective medical evidence. 20 C.F.R. §§ 404.1527, 416.927.

Here, the ALJ determined that Plaintiff "met the insured status requirements of the Social Security Act through December 31, 2012." (Doc. 9-3 at 16) Pursuant to the five-step process, the ALJ found Plaintiff did not engage in substantial gainful activity after the alleged onset date of September 2007. (*Id.* at 17) At step two, the ALJ found Plaintiff's severe impairments included: "low back pain with radiculopathy into the right lower extremity; sleep apnea; cervical pain with radiculopathy into the right upper extremity; [and] coronary artery disease." (*Id.*) These impairments did not meet or medically equal a Listing. (*Id.* at 18) Next, the ALJ determined:

> [P]rior to December 14, 2013, the date the claimant became disabled, the claimant had the Residual Functional Capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the ability to sit for 8 hours out of an 8-hour workday; stand for 4 hours out of an 8-hour workday, with normal breaks; walk for 4 hours out of an 8-hour workday, with normal break; need to alternately sit or stand at the claimant's option, provided that he is not off task more than 10% of the work period; foot control operation limited to frequent with the left lower extremity and occasional with the right lower extremity; never climb ladders, ropes or scaffolds; occasional climb ramps and stairs; occasionally balance, stoop, crouch, kneel, and crawl; frequent reaching and overhead reaching with the right upper extremity; frequent handling, fingering and feeling with the right upper extremity; avoid even moderate exposure to all hazardous machinery; avoid all exposure to unprotected heights.

(*Id.* at 19)

3

The ALJ observed that Dr. Makoto Kawai, a consulting orthopedist, evaluated Plaintiff on December 14, 2013, and the ALJ gave "great weight" the limitations assessed. (Doc. 9-3 at 22) In doing so, the ALJ found:

> [B]eginning on December 14, 2013, the claimant has the Residual Functional Capacity (RFC) to perform light work as defined in 20 CFR 404.1567(a) and 416.967(a) with the ability to sit for 8 hours out of an 8-hour workday; stand for 4 hours out an 8-hour workday, with normal breaks; walk for 4 hours out of an 8-hour workday, with normal breaks; need to alternately sit or stand at the claimant's option, provided that he is not off task more than 10% of the work period; foot controlled operation limited to frequent with the left lower extremity and occasional with the right lower extremity; never climb ladders, ropes or scaffolds; occasional climb ramps and stairs; occasionally balance, stoop, crouch, kneel, and crawl; and occasional reaching and overhead reaching with the right upper extremity; occasional handling, fingering and feeling with the right upper extremity; avoid even moderate exposure to all hazardous machinery; avoid all exposure to unprotected heights.

(*Id.* at 22)

## DISCUSSION AND ANALYSIS

Appealing the partially favorable decision, Plaintiff contends that "the ALJ erred in determining the onset date of Plaintiff's entitlement to Social Security disability benefits." (Doc. 15 at 7, emphasis omitted) Plaintiff asserts the ALJ failed to provide "an adequate explanation" for the identified onset date and that the omission "creates a fatal flaw with the ALJ's decision." (*Id.* at 9) On the other hand, Defendant contends that the ALJ was not required to call a medical expert, and the decision was supported by substantial evidence. (Doc. 18 at 6-12)

### A. Obligation to Call a Medical Expert

Plaintiff contends that the ALJ failed to fulfill his responsibilities related to determining his disability onset date under Social Security Ruling ("SSR") 83-20 because the ALJ failed to call a medical expert at the hearing. (Doc. 16 at 7) As explained by SSR 83-20,

> In disabilities of nontraumatic origin, the determination of onset involves consideration of the applicant's allegations, work history, if any, and the medical and other evidence concerning impairment severity. The weight to be given any of the relevant evidence depends on the individual case.
> . . .
> Medical reports containing descriptions of examinations or treatment of the individual are basic to the determination of the onset of disability. The medical evidence serves as the primary element in the onset determination.
> . . .
> With slowly progressive impairments, it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling … In such

> cases, it will be necessary to infer the onset date from the medical and other evidence that describe the history and symptomatology of the disease process.
>
> . . .
>
> In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on the informed judgment of the facts in the particular case. *This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred*.

1983 SSR LEXIS 25, 1983 WL 31249 (emphasis added); *see also Morgan v. Sullivan,* 945 F.2d 1079, 1082 (9th Cir. 1991) (same).

Defendant argues that the ALJ was not obligated to call a medical expert because "[i]n emergency message effective October 17, 2016, the Commissioner expressly stated that "[Social Security Ruling (SSR)] 83-20 does not impose a mandatory requirement on an ALJ to call on the services of a medical expert when onset must be inferred." (Doc. 18 at 6, citing *Emergency Message: Clarification of [SSR] 83-20–Titles II and XVI: Onset of Disability*, available at https://secure.ssa.gov/apps10/reference.nsf/ links/10172016104408AM (last visited Apr. 13, 2017). Notably, the Emergency Message was issued only days after Plaintiff filed his opening brief in this action, asserting the ALJ failed to comply with SSR 83-20. Regardless, the Commissioner did not vacate the requirement under SSR 83-20 that an ALJ's decision must have "a legitimate medical basis" for an identified onset date. Thus, while the ALJ—according to the emergency clarification—need not always call a medical expert where he will infer the onset date, he *must* do so if there is no medical support for the inference.

Indeed, the Ninth Circuit determined when interpreting 83-20, "that where a record is ambiguous as to the onset date of disability, the ALJ must call a medical expert to assist in determining the onset date." *See Armstrong v. Comm'r of the Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir. 1998) (citing *DeLorme v. Sullivan*, 924 F.2d 841, 848 (9th Cir. 1990)); *see also Morgan v. Sullivan,* 945 F.2d 1079, 1082 (9th Cir. 1991) (finding an ALJ's inference regarding the onset date "is not possible without the assistance of a medical expert," and the determination of a disability onset date "cannot stand" without "the assistance of a medical advisor"). For example, in *Armstrong*, "the record demonstrate[d] that Armstrong suffered from various impairments," and also showed a deterioration in his condition. *Id*, 160 F.3d at 590. Though the medical record was "ambiguous" as to "when those impairments

became disabling," the ALJ did not call a medical expert. *Id.* As a result, the Court concluded the matter should be "remanded to the ALJ with [an] instruction to call a medical expert to determine when Armstrong became disabled." *Id.* at 591.

Here, the ALJ noted Plaintiff had electrodiagnositic studies "consistent with radiculopathy." (Doc. 9-3 at 17, citing Exh. 3F) Notably, the exhibit cited by the ALJ is from 2008, and as a result the ALJ recognized Plaintiff had radiculopathy for many years before the identified onset date. In addition, the ALJ noted that Dr. Makoto Kawai performed a consultative examination and diagnosed Plaintiff with "cervical radiculopathy into the right upper extremity" on December 14, 2013. (*Id.*, citing Exh. 26F) The ALJ adopted the examination date as the disability date, but did not identify any medical evidence supporting his conclusion that Plaintiff became disabled as of that date, rather than earlier as the 2008 electrodiagnositic studies might support. Further, the ALJ did not call an expert to determine when Plaintiff's back pain with radiculopathy progressed to the point that he his RFC was consistent with that identified by Dr. Kawai.

Significantly, the ALJ's reliance on his own examination of the record does not establish a "legitimate medical basis" for the onset date, as required by SSR 83-20. As discussed above, the Ninth Circuit has determined an ALJ is required a medical advisor if the "medical evidence is not definite concerning the onset date and medical inferences need to be made." *Delorme*, 924 F.2d at 848; *Morgan*, 945 F.2d at 1082-83 ("the ALJ should determine the date based on an informed inference ... [which] is not possible without the assistance of a medical expert"); *see also Quarles v. Barnhart,* 178 F. Supp. 2d 1089, 1097 (N.D. Cal. 2001) ("the ALJ *must* consult a medical expert before determining the onset date…regardless of how careful and well-supported the ALJ's inference may be"). Because the decision lacks "a legitimate medical basis," the Court finds the ALJ erred by inferring a disability onset date without the assistance of a medical expert.

**B.      Remand is Appropriate**

The decision whether to remand a matter pursuant to sentence four of 42 U.S.C. § 405(g) or to order immediate payment of benefits is within the discretion of the district court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Except in rare instances, when a court reverses an administrative agency determination, the proper course is to remand to the agency for additional investigation or

6

explanation. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)). Generally, an award of benefits is directed when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). In addition, an award of benefits is directed where no useful purpose would be served by further administrative proceedings, or where the record is fully developed. *Varney v. Sec'y of Health & Human Serv.*, 859 F.2d 1396, 1399 (9th Cir. 1988).

The ALJ's determination of the disability onset date, without medical evidentiary support, violated SSR 83-20 and controlling Ninth Circuit precedent. *See also Delorme*, 924 F.2d at 848; *Morgan*, 945 F.2d at 1082-83. Moreover, this error of the ALJ was not harmless as it was not "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). On remand, the ALJ should identify a legitimate medical basis to support the decision related to the onset date, which may be satisfied by calling a medical expert.

## **CONCLUSION AND ORDER**

Because the ALJ failed to apply the correct legal standards, there is no legitimate medical basis to support the onset date identified, and the decision cannot be upheld by the Court. *See Sanchez*, 812 F.2d at 510. Because remand is appropriate for further proceedings related to the onset date, the Court offers no findings related the remaining issues identified in Plaintiff's opening brief.

Accordingly, the Court **ORDERS**:

1. The matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this decision; and
2. The Clerk of Court **IS DIRECTED** to enter judgment in favor of Plaintiff and against Defendant.

IT IS SO ORDERED.

Dated: **April 19, 2017**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE